**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **LAUREN MACCARONE**<br><br>**Plaintiffs,**<br><br>**VS.**<br><br>**LINEAGE LAW, L.L.C., STEPHANIE PRESTRIDGE AND MICHAEL HOOVER**<br><br>**Respondent.** | ) | **CIVIL ACTION**<br><br>**NO.** |

---

**COMPLAINT**

---

**NOW INTO COURT**, through undersigned counsel comes, Lauren Maccarone ("Ms. Maccarone") who respectfully submits this *Complaint* and avers as follows:

1.

Made Defendants herein and liable unto Ms. Maccarone are the following:

I. Lineage Law, L.L.C. ("Lineage"), a Louisiana limited liability company with its principal place of business located at 9015 Bluebonnet Blvd., Baton Rouge, Louisiana, 70810;

II. Michael Hoover, a person of the full age of majority that resides in the Parish of East Baton Rouge, State of Louisiana; and

III. Stephanie Prestridge, a person of the full age of majority that resides in the Parish of East Baton Rouge, State of Louisiana.

2.

This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. 1331.

3.

Venue is proper in this federal district court pursuant to 28 U.S.C. 1391(b)(1) because the Defendants reside within this district.

4.

On September 1, 2015, Ms. Maccarone began full-time employment with Lineage.

5.

Ms. Maccarone and Lineage agreed upon a compensation package that included a fully paid health care benefits plan, all as more fully shown as Exhibit A, which is attached hereto and made a part hereof.

6.

After Ms. Maccarone began her employment with Lineage, Ms. Maccarone was added to the group health benefits plan of Lineage, which was provided and administrated through Vantage Health Plan, Inc. ("Vantage") ("the Vantage Group Plan").

7.

The Vantage Group Plan is governed by 29 U.S.C. 1001 *et seq.* ("ERISA"), and more specifically, is an employee welfare benefit plan as defined by 29 U.S.C. 1002(1).

8.

Ms. Maccarone is a "participant" in the Vantage Group Plan pursuant to 29 U.S.C. 1002(7) because Ms. Maccarone was an employee of Lineage who was eligible to receive a benefit from the Vantage Group Plan.

9.

Lineage was responsible for the collection of all premiums for the Vantage Group Plan and to pay same to Vantage on a monthly basis.

10.

Lineage is a plan fiduciary, as defined by 29 U.S.C. 1002(21)(A) because Lineage exercises authority and control respecting management of the Vantage Group Plan.

11.

On information and belief, Stephanie Prestridge is an equity member of Lineage and exercises control over the use of funds within Lineage. Further, Ms. Prestridge has direct control and decision making authority over the payment of premiums to the Vantage Group Plan.

12.

On information and belief, Michael Hoover is an equity member of Lineage and exercises control over the use of funds within Lineage. Further, Mr. Hoover has direct control and decision making authority over the payment of premiums to the Vantage Group Plain.

13.

Pursuant to 29 U.S.C. 1002(16)(B), Lineage is a "plan sponsor" because it is the employer in the case of an employee benefit plan established or maintained by a single employer.

14.

Because Lineage is a plan sponsor and Mr. Hoover, Ms. Prestridge, and Lineage are plan fiduciaries, Lineage, Mr. Hoover, and Ms. Prestridge owed a fiduciary duty to Ms. Maccarone.

15.

Lineage, Mr. Hoover, and Ms. Prestridge are obligated to discharge their duties with respect

to the Vantage Group Plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims. 29 U.S.C. 1104.

16.

On information and belief, Lineage, Mr. Hoover, and Ms. Prestridge failed to make premium payments to Vantage for, at least, the month of February of 2016.

17.

On information and belief, Vantage, in the fall of 2016, canceled the Vantage Group Plan with Lineage based upon Lineage's failure to pay the premiums.

18.

On information and belief, Mr. Hoover and Ms. Prestridge made a joint decision to not pay the premiums to Vantage for the Vantage Group Plan because of cash-flow considerations within Lineage.

19.

Mr. Hoover's and Ms. Prestridge's decision to divert Lineage funds away from payment of premiums to Vantage and to other aspects of operating Lineage was a breach of their fiduciary obligation to Ms. Maccarone.

20.

On or about August 24, 2016, Ms. Maccarone had a medical procedure performed to remove ovarian cysts (the "Procedure"). The Procedure was performed by Dr. Gregory M. Heroman, M.D.

and the staff at the Baton Rouge General Medical Center with the assistance of Parish Anesthesia of Baton Rouge, L.L.C., and pathology services being performed by Pathology Group of Louisiana, APMC (collectively hereinafter referred to as "the Medical Providers").

21.

At the time of the Procedure, Ms. Maccarone had no knowledge that Lineage failed to pay the premiums or that she would not be covered by the Vantage Group Plan.

22.

Initially, Vantage covered the costs of the Procedure and paid all or some of the Medical Providers; however, at some point after August 24, 2016, Vantage canceled the Vantage Group Plan and sought refunds from the Medical Providers.

23.

On information and belief, Vantage received refunds from the Medical Providers for the Procedure.

24.

As a result of Vantage's retroactive termination of the Vantage Group Plan, Ms. Maccarone has been sent bills for the medical expenses associated with the Procedure.

25.

On information and belief, Ms. Maccarone is responsible for approximately $36,061.80 in medical expenses associated with the Procedure.

26.

Ms. Maccarone would not have been responsible for the medical bills associated with the Procedure had the Vantage Group Plan been in place.

27.

Lineage, Mr. Hoover, and Ms. Prestridge breached their fiduciary duty to Ms. Maccarone by failing to pay the premiums timely, which caused the termination of the Vantage Group Plan resulting in Ms. Maccarone's liability for the medical expenses.

28.

Lineage's, Mr. Hoover's, and Ms. Prestridge's failure to pay the premiums to Vantage when same were due is conduct that falls below the care, skill, prudence, and diligence required of Lineage, Mr. Hoover, and Ms. Prestridge pursuant to 29 U.S.C. 1104.

29.

Ms. Maccarone brings this action pursuant to 29 U.S.C. 1132(a)(3), and seeks appropriate equitable relief to redress Lineage's, Mr. Hoover's, and Ms. Prestridge's breach of their fiduciary duty to Ms. Maccarone.

30.

Ms. Maccarone seeks an equitable judgment making her whole in the amount of the medical expenses incurred as a result of the Procedure, which would have otherwise been covered by the Vantage Group Plan. The exact amount will be proven at the trial of this matter.

31.

Additionally, Ms. Maccarone seeks reasonable attorney's fees and costs associated with this matter in accordance with 29 U.S.C. 1132(g)(1).

**WHEREFORE**, Plaintiff prays that Defendants be served with a certified copy of this *Complaint* and cited to appear and answer same, and that after legal delays and due proceedings have been had there be judgment rendered in favor of the Plaintiff and against the Defendants, *in solido*,

as follows:

I. Entry of a judgment in the amount of any and all monetary liability of Ms. Maccarone relating to or as a result of the Procedure;

II. Reasonable attorney's fees and costs, together with judicial interest from the date of demand until paid, and for any and all other equitable relief to which Plaintiff may be entitled in these premises.

**Respectfully Submitted,**

*/s/James R. Bullman*
James R. Bullman, LSBA #35064–T.A
Jbullman@baringerlawfirm.com
Dale R. Baringer, LSBA #2773
Dale@baringerlawfirm.com
Benjamin J.B. Klein, LSBA # 28639
Ben@baringerlawfirm.com
Jarred W. Schick, LSBA # 36665
Jarred@baringerlawfirm.com
**THE BARINGER LAW FIRM, L.L.C.**
201 St. Charles Street
Baton Rouge, LA 70802
Telephone: (225) 383-9953
Facsimile: (225) 387-3198
*Attorneys for Lauren Maccarone*

**PLEASE SERVE:**
Lineage Law, L.L.C.
*through its registered agent*
Michael Hoover
9015 Bluebonnet Blvd.,
Baton Rouge, LA 70810

Michael Hoover
9015 Bluebonnet Blvd.,
Baton Rouge, LA 70810

Stephanie Prestridge
9015 Bluebonnet Blvd.,
Baton Rouge, LA 70810

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **LAUREN MACCARONE** | ) | **CIVIL ACTION** |
| | ) | |
| | ) | |
| **Plaintiffs,** | ) | **NO.** |
| | ) | |
| **VS.** | ) | |
| | ) | |
| **LINEAGE LAW, L.L.C.** | ) | |
| | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

## VERIFICATION

STAT E OF NEW JERSEY COUNTY OF MORRIS

BEFORE ME, the undersigned authority, personally came and appeared:

**LAUREN MACCARONE**

Who, after being duly sworn did depose and say:

That the allegations of fact in the above and foregoing *Complaint* are true and correct to the best of her knowledge, information and belief.

Lauren Maccarone
**Lauren Maccarone**

SWORN TO AND SUBSCRIBED before me on the 3rd day of April, 2017 at Washington Twp, New Jersey.

J Maccarone
NOTARY PUBLIC

**Joseph T. Maccarone**
**An Attorney At Law**
**of New Jersey**