# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

LAUREN MACCARONE                                CIVIL ACTION

VERSUS                                          17-212-SDD-EWD

LINEAGE LAW, LLC,
MICHAEL HOOVER, and
STEPHANIE PRESTRIDGE


VERSUS


VANTAGE HEALTH PLAN, INC.

## RULING

Pending before the Court is a *Motion for Partial Summary Judgment*[1] filed by Defendants Lineage Law, LLC, and two of its principals, Michael Hoover, and Stephanie Prestridge (collectively, "Lineage" or "Defendants"). Plaintiff Lauren Maccarone ("Plaintiff") has filed an *Opposition*[2] to this motion. For the reasons that follow, the Court finds the Defendants' motion should be denied.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Lineage purchased healthcare coverage for its employees through the Small Business Health Options Program ("SHOP" or "FF-SHOP"), a federally facilitated marketplace administered by the Department of Health and Human Services office of Center for Medicare and Medicaid Services ("CMS") through an online portal.[3] Through

---

[1] Rec. Doc. No. 53.
[2] Rec. Doc. No. 63.
[3] www.healthcare.gov

the portal, Lineage chose the Vantage Group Plan administered by Vantage Health Plan, Inc. ("Vantage") governed by the Employee Retirement Income Security 29 U.S.C. 1001 *et seq.* ("ERISA"). The coverage for Lineage's employees began on February 1, 2015.[4]

Plaintiff began her employment with Lineage on September 1, 2015,[5] and she was added to the group healthcare plan administered by Vantage. Lineage was responsible for paying premiums through the online portal.[6]

On August 24, 2016, Plaintiff had surgery.[7] The cost of surgery was initially covered by Vantage.[8] However, Lineage's healthcare plan was later terminated in September 2016. The termination of the policy was retroactive to June 30, 2016.[9] Following the retroactive termination of the policy, Vantage sought recoupment of the medical expenses associated with Plaintiff's surgery.[10] The medical providers of Plaintiff's surgery refunded Vantage then billed Plaintiff for the costs associated with the procedure.[11]

Plaintiff alleges the cancelation was due to Defendants' failure to make premium payments to Vantage for, at least, the month of February 2016.[12] On April 4, 2017, Plaintiff filed suit against Lineage, Hoover, and Prestridge, claiming Defendants breached their fiduciary duty to Plaintiff by failing to timely pay the premiums. Lineage answered the

---

[4] Rec. Doc. No. 59.
[5] Rec. Doc. No. 63.
[6] Rec. Doc. No. 63.
[7] *Id.*
[8] Rec. Doc. No. 53-1.
[9] Rec. Doc. No. 63-1.
[10] Rec. Doc. No. 63-2.
[11] Rec. Doc. No. 63-3.
[12] Rec. Doc. No. 1.

complaint denying Plaintiff's allegations and filed a *Third-Party Complaint*[13] against Vantage. Lineage argues that Vantage is liable for the termination of coverage and alleges that Vantage incorrectly renewed coverage for February 2016 instead of starting coverage in March 2016.[14] Vantage argues it did not terminate the Lineage group health plan; rather, the FF-SHOP terminated Lineage's coverage.[15]

Plaintiff brings her claim pursuant to 29 U.S.C. § 1132(a)(3) of ERISA and seeks equitable relief in the form of monetary reimbursement of medical expenses incurred as a result of the retroactive cancelation of the group healthcare policy. Lineage argues that summary judgment should be granted in its favor because compensatory damages are not available as "equitable relief" under Section 1132(a)(3) and, alternatively, Plaintiff should have pursued a denial of benefits remedy.[16]

## II. LAW AND ANALYSIS

### A. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[17] "An issue is material if its resolution could affect the outcome of the action."[18] "When assessing whether a dispute to any material fact exists, we consider all of the evidence in the record but refrain from making credibility determinations or weighing the

---

[13] Rec. Doc. No. 8.
[14] Lineage argues their premium payments were behind because they were erroneously charged for the month of February 2016, when they contend their coverage actually began in March 2016.
[15] Rec. Doc. No. 54-1.
[16] Rec. Doc. No. 53-2.
[17] Fed. R. Civ. P. 56(a).
[18] *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).

evidence."[19] "A party moving for summary judgment 'must "demonstrate the absence of a genuine issue of material fact," but need not negate the elements of the nonmovant's case.'"[20] If the moving party satisfies its burden, "the non-moving party must show that summary judgment is inappropriate by setting 'forth specific facts showing the existence of a genuine issue concerning every essential component of its case.'"[21] However, the non-moving party's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[22]

Notably, "[a] genuine issue of material fact exists, 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[23] The Court must resolve all reasonable factual inferences in favor of the nonmoving party.[24] However, "[t]he court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim."[25] "Conclusory allegations unsupported by specific facts, however, will not prevent an award of summary judgment; 'the plaintiff

---

[19] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008)(citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).
[20] *Guerin v. Pointe Coupee Parish Nursing Home*, 246 F.Supp.2d 488, 494 (M.D.La. 2003)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25).
[21] *Rivera v. Houston Independent School Dist.,* 349 F.3d 244, 247 (5th Cir. 2003)(quoting *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).
[22] *Willis v. Roche Biomedical Laboratories, Inc.,* 61 F.3d 313, 315 (5th Cir. 1995)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(internal quotations and citations omitted)).
[23] *Pylant v. Hartford Life and Accident Insurance Company*, 497 F.3d 536, 538 (5th Cir. 2007)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).
[24] *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).
[25] *RSR Corp. v. International Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010)(citing *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)).

[can]not rest on his allegations . . . to get to a jury without 'any significant probative evidence tending to support the complaint.'"[26]

B.  **Equitable Relief under 29 U.S.C. 1132(a)(3)**

Plaintiff seeks reimbursement from Lineage for any medical expenses paid by Plaintiff as a result of Lineage's alleged breach of fiduciary duty to timely pay health insurance premiums. Lineage does not dispute this alleged breach of fiduciary duty,[27] rather, Lineage argues that the statutory language of 29 U.S.C. § 1132(a)(3) precludes the award of monetary damages.[28]

29 U.S.C. § 1132(a)(3) provides in part:

(a) Persons empowered to bring a civil action. A civil action may be brought—
(3) by a participant, beneficiary, or fiduciary (A) to enjoy any act or practice which violates any provision of this title or the terms of the plan, or (B) **to obtain other appropriate equitable relief** (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan:

As both parties have pointed out, there has been considerable debate concerning what constitutes "other appropriate equitable relief" under Section 1132(a)(3).

Lineage relies on *Mertens v. Hewitt*[29] to support its argument that monetary damages are not available as equitable relief. The Supreme Court in *Mertens* considered "whether ERISA authorizes suits for money damages against a nonfiduciary who knowingly participates in a fiduciary's breach of fiduciary duty."[30] In *Mertens*, former

---

[26] *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 713 (5th Cir. 1994)(quoting *Anderson*, 477 U.S. at 249)(citation omitted)).
[27] In Lineage's Motion (Rec. Doc. No. 53), Lineage states it is not liable for breach of fiduciary duty; however, in the supporting memorandum, Lineage fails to address whether Lineage was a fiduciary, whether there was a duty, or whether there was a breach.
[28] Rec. Doc. No. 53-2.
[29] 113 S.Ct. 2063, 124 L. Ed. 2d 161 (1993).
[30] *Id.* at 251, 113 S.Ct. 2063.

employees sued a nonfiduciary actuary who failed to factor in recent retirements to the insurance plan which ultimately led to the plan's termination.[31] The Court found that the former employees were seeking "nothing other than compensatory damages – monetary relief for all losses their plan sustained as a result of the alleged breach of fiduciary duties," and monetary damages were not a "remedy traditionally viewed as 'equitable,' such as injunction or restitution."[32] *Mertens* is distinguished from the present case as it involved an action against a nonfiduciary, whereas here, Lineage does not deny being a plan fiduciary.

Since *Mertens*, the Supreme Court has expanded the available relief under Section 1132(a)(3) when a plaintiff sues a plan fiduciary seeking make-whole relief caused by the defendant's breach of a fiduciary duty.[33] In *CIGNA Corp. v. Amara*, a class of plaintiffs sued an employer and a pension plan because the employer misled the plaintiffs about their retirement plan which led to diminished benefits.[34] Finding the defendant's misrepresentations were intentional, the district court reformed the terms of the new plan and, *inter alia*, "require[d] the plan administrator to pay to already retired beneficiaries money owed them under the plan as reformed."[35] The Court explained: "the fact that this relief takes the form of a money payment does not remove it from the category of traditionally equitable relief."[36] The Court characterized the remedy as a "surcharge" and

---

[31] *Id.* at 250, 113 S.Ct. 2063.
[32] *Id.* at 255, 113 S.Ct. 2063.
[33] *Gearlds v. Entergy Servs., Inc.,* 709 F.3d 448, 450 (5th Cir. 2013)(citing *CIGNA Corp. v. Amara*, 131 S.Ct. 1866, 1878-80, 179 L.Ed.2d 843 (2011)).
[34] *CIGNA Corp.,* 131 S.Ct. 1866, 1870, 179 L.Ed.2d 843 (2011).
[35] *Id.* at 1880.
[36] *Id.*

explained that this "remedy extended to a breach of trust committed by a fiduciary encompassing any violation of a duty imposed upon that fiduciary."[37] Observing that the defendant's position as a fiduciary was analogous to a trustee, the Court held that "an award of make-whole relief" in the form of surcharge was within the scope of "appropriate equitable relief" under Section 1132(a)(3).[38]

Following the Court's ruling in *CIGNA*, the Fifth Circuit found that a plaintiff may pursue a surcharge remedy under Section 1132(a)(3).[39] In *Gearlds v. Entergy Servs., Inc.,* the Fifth Circuit considered whether a district court erred in dismissing a claim for breach of fiduciary duty under Section 1132(a)(3) because the plaintiff sought only monetary damages, which the district court concluded was not an available equitable remedy under Section 1132(a)(3).[40] The plaintiff in *Gearlds* was on long-term disability for several years, but those benefits ended when he was no longer deemed disabled.[41] Although Gearlds was not terminated, his employer did not pay him from that point on. Gearlds retired three years later, and his employer erroneously believed he had been receiving disability benefits the previous three years. Based on this incorrect assumption, Gearlds was awarded medical benefits as part of his retirement package. When the employer realized the error, it advised the plaintiff that his medical coverage would cease.[42] The plaintiff filed suit under Section 1132(a)(3) of ERISA, seeking past and future medical expenses, interest, attorneys' fees, costs, and any other relief to which he was

---

[37] Id. (citing Second Restatement § 201: Adams 59: 4 Pomeroy § 1079; 2 Story §§ 1261, 1268).
[38] 563 U.S. 421, 442, 131 S.Ct. 1866.
[39] *Gearlds*, 709 F.3d 448, 452 (5th Cir. 2013).
[40] *Id.* at 449-450.
[41] *Id.* at 449.
[42] *Id.* at 450.

entitled.[43] The district court dismissed the plaintiff's claim, finding that Section 1132(a)(3)'s "other equitable relief" language did not include monetary damages.[44] Relying on *CIGNA*, the Fifth Circuit reversed, noting that, until *CIGNA*, it had generally been accepted that monetary damages were not within the scope of Section 1132(a)(3).[45] The Fifth Circuit further stated that, following *CIGNA*, a determination of whether the damages sought are monetary "is not the end of the inquiry into equity" with regard to Section 1132(a)(3).[46] The Fifth Circuit concluded that, even though the plaintiff did not expressly plead "surcharge," the plaintiff had, in seeking equitable relief to which he was entitled, stated a plausible claim for relief.[47] The court remanded the case to the district court to determine whether the plaintiff could prevail on the merits of his breach of fiduciary duty claim.[48]

Like *Gearlds*, Plaintiff did not specifically characterize her remedy as a "surcharge," but asked for "an equitable judgment making her whole in the amount of medical expenses incurred as a result of the Procedure."[49] Courts must focus on the substance of the relief sought rather than the label used.[50] In this case, monetary relief, limited to making the employee whole, is within the scope of appropriate equitable remedies available under Section 1132(a)(3).

---

[43] *Id.*
[44] *Id.*
[45] *Id.*
[46] *Id.* at 452
[47] *Id.*
[48] *Id.*
[49] Rec. Doc. No. 1.
[50] *Gearlds*, 709 F.3d 448, 452 (5th Cir. 2013)(citing *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996)).

## C. Claim properly brought pursuant to Section 1132(a)(3)

Alternatively, Lineage argues this case involves a "determination of benefits" which falls under Section 1132(a)(1)(B) rather than a breach of fiduciary duty under Section 1132(a)(3).[51] The Court disagrees. Plaintiff's claim cannot be brought under Section 1132(a)(1)(B) because this subsection allows a plan participant "to recover benefits due to him under the terms of his plan [and] to enforce his rights under the terms of the plan."[52] In this case, Plaintiff has no rights or benefits "under the terms of the plan," because the plan no longer exists.

In support of its claim that Plaintiff had adequate relief available for an alleged "denial-of-benefit" claim under Section 1132(a)(1)(B), Lineage cites *Varity Corp. v. Howe.*[53] In *Varity*, plan beneficiaries sued plan fiduciaries alleging the fiduciaries deceived them into withdrawing from the plan and forfeiting their benefits.[54] The Supreme Court held that the beneficiaries could bring an action under Section 1132(a)(3) seeking individualized relief to remedy the plan administrator's breach of fiduciary duty.[55] The *Varity* Court aptly observed:

> The plaintiffs in this case could not proceed under the first subsection because they were no longer members of the [ERISA] plan and, therefore, had no "benefits due [them] under the terms of [the] plan." [§ 1132(a)(1)(B).] They could not proceed under the second subsection because that provision, tied to § 1109, does not provide a remedy for individual beneficiaries. They must rely on the third subsection [§ 1132(a)(3) ], or they have no remedy at all. We are not aware of any ERISA-related purpose that denial of a remedy would serve.[56]

---

[51] Rec. Doc. No. 53-2.
[52] 29 U.S.C. 1132(a)(1)(B).
[53] 516 U.S. 489, 512 116 S.Ct. 1065 (1996).
[54] *Id.* at 492, 116 S.Ct. 1065.
[55] *Id.*
[56] *Id.* at 515, 116 S.Ct. 1065.

Document Number: 49020

Page 9 of 12

As discussed above, this analysis applies to the present case. Plaintiff cannot bring a claim under Section 1132(a)(1)(B) because Lineage's healthcare plan has been terminated.

Plaintiff relies on *McFadden v. R&R Engine & Machine Co.*[57] in support of her argument, and the Court finds that the facts of *McFadden* are very similar to those presented herein. In *McFadden*, the plaintiff sued his former employer for healthcare costs incurred because of a retroactive cancelation of the group health insurance policy. The cancelation of the policy was because of the defendant-employer's non-payment of premiums and was retroactive to a date prior to the plaintiff's incurring the subject healthcare costs.[58] The court found that the plaintiff could not proceed under Section 1132(a)(1)(B) because the plan no longer existed.[59] And notably, although *McFadden* predates *CIGNA* by ten years, the court granted monetary relief in the form of "an appropriate restitutionary amount" paid to a trust that would then pay the plaintiff "as past benefits due."[60]

> [The employer] ought to have paid its premium timely, and McFadden's medical bills ought to have been paid. Equity thus demands that [the employer] make McFadden whole by remitting the amount necessary to pay McFadden's medical bills, which is the benefit McFadden would have received but for [the employer's] breach of its fiduciary duty.[61]

The *McFadden* court found that, if the plaintiff "is to have any remedy at all, it must come

---

[57] 102 F.Supp. 2d 458 (N.D. Ohio 2000).
[58] *Id.* at 459.
[59] *Id.* at 473.
[60] *Id.* at 475.
[61] *Id.* at 477.

Document Number: 49020

Page 10 of 12

under Section 1132(a)(3)."[62] Similarly, Plaintiff herein will have no remedy but for the catchall provision under which she brings her claim.

Although Lineage characterizes Plaintiff's claim as a "classic denial of benefits"[63] and claims that "Vantage advised Maccarone that it intended to retroactively deny her claim,"[64] the record reflects otherwise. Vantage's corporate representative testified:

> Q: So does Vantage—You consider this a denial of benefits for Lauren Maccarone under the plan?
> A: No, sir. Because of the—the ending of her policy, the termination of her policy, Vantage was no longer liable for those claims.
> Q: Right. So you're denying benefits because they're-you're not liable.
> A: Her benefits ended on June 30th and so, no, sir. Vantage was not liable for that coverage.
> Q: Therefore, you denied benefits. Even though you paid, you retroactively denied the benefit.
> A: Yes, sir. Whenever we received the transaction from CMS in September, any claims received July through September were then denied.[65]

While the Vantage representative later seemingly admits to a denial of benefits after twice denying same, it is clear the denial of benefits the Vantage representative is referring to is a result of the termination of the policy, rather than a determination of coverage, since "any claims received" after the retroactive date of termination were denied.

Viewing the facts in the light most favorable to the non-movant, the Court finds that Plaintiff's claim is properly brought pursuant to Section 1132(a)(3), and Lineage has not carried its burden of demonstrating that it is entitled to judgment as a matter of law. Accordingly, Lineage's *Motion for Partial Summary Judgment* is denied.

---

[62] *Id.* at 473.
[63] Rec. Doc. No. 53-2.
[64] *Id.*
[65] Rec. Doc. No. 63-4, p. 2.

### III. CONCLUSION

For the reasons set forth above, the *Motion for Partial Summary Judgment*[66] filed by Defendants, Lineage Law, LLC, Michael Hoover, and Stephanie Prestridge is DENIED. Based on the foregoing findings, the remaining issue before the Court is not whether Plaintiff is entitled to recover an appropriate restitutionary amount in this matter, it is from whom she will recover. The Court defers the remaining pending *Motion for Summary Judgment*[67] filed by Vantage to the Bench Trial, currently set for January 22-23, 2019. Due to a scheduling conflict, and considering that the issues to be presented at trial have been narrowed by this *Ruling*, the Bench Trial of this matter is hereby re-set to begin and conclude on January 23, 2019.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 13th day of December, 2018.

_____
**SHELLY D. DICK**
**CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

---

[66] Rec. Doc. No. 53.
[67] Rec. Doc. No. 54.

Document Number: 49020